UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NUTRIOM, LLC, a Washington limited liability company,<br><br>               Plaintiff,<br><br>   v.<br><br>CADILLAC PRODUCTS PACKAGING COMPANY, a Michigan corporation,<br><br>               Defendant/Third-Party Plaintiff,<br><br>   v.<br><br>TECHNIPAC, INC., a Minnesota corporation,<br><br>               Third-Party Defendant. | CASE NO. C09-5431BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE JURY DEMAND |

This matter comes before the Court on Plaintiff's Motion to Strike Jury Demand (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On June 11, 2009, Plaintiff Nutriom, LLC, filed a complaint in the Superior Court of Washington for Thurston County against Defendant Cadillac Products Packaging

ORDER - 1

Company ("Cadillac" or "Cadillac Products"). Dkt. 1-2 at 5-7. On August 15, 2009, Defendant removed the case to this Court. Dkt. 1.

On September 1, 2009, Cadillac Products answered the complaint and filed a Third-Party Complaint against Technipac, Inc. Dkt. 7. On September 3, 2009, Cadillac Products filed a First Amended Answer and Third-Party Complaint. Dkt. 9.

On October 27, 2009, Third-Party Defendant Technipac, Inc. answered and filed counterclaims against Cadillac Products. Dkt. 13. Technipac's counterclaims are (1) breach of contract, "Cadillac's failure to pay for the products and services provided by Technipac constitutes a breach of contract [between Technipac and Cadillac]" (*Id*. at 5); and (2) setoff of the amount that Cadillac Products proves as damages against Technipac (*Id.* at 6).

On January 4, 2010, Plaintiff filed a Motion to Amend. Dkt. 18. On January 21, 2010, the Court granted the motion. Dkt. 19. On January 25, 2010, Plaintiff filed an Amended Complaint and added two claims as follows:

> 7. In breach of its sale agreement, Cadillac Products is wrongfully withholding film destined for the production of 18 servings [of] BIBs, for which Nutriom has already paid $14,035.20.
> 8. Cadillac Products has intentionally and wrongfully reported to Dun & Bradstreet that Nutriom is indebted to it which has caused Nutriom financial loss in an amount to be proven at trial.

Dkt. 20 at 2.

On January 26, 2010, Cadillac Products answered the Amended Complaint and made a request for relief as follows:

> An award of damages in favor of Cadillac and against Third Party Defendant Technipac, Inc., for the full amount of any damages proven by Nutriom at trial for the defective manufacture of the BIBs, as set forth in Cadillac's third party complaint, which is incorporated herein by reference (Dkt. No. 9);

Dkt. 21 at 3.

On February 8, 2010, Technipac filed a Demand for Jury Trial. Dkt. 24. On February 16, 2010, Plaintiff filed a motion to strike the demand. Dkt. 25. On March 1, 2010, Technipac responded. Dkt. 26. On March 3, 2010, Plaintiff replied. Dkt. 27.

ORDER - 2

## II. DISCUSSION

Rule 38(b) of the Federal Rules of Civil Procedure provides the basis for Plaintiff's motion to strike Technipac's jury demand. The rule provides as follows:

> On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) Serving the other parties with a written demand–which may be included in a pleading–**no later than 10 days after the last pleading directed to the issue is served**; and
> (2) Filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b) (emphasis added). Plaintiff contends that service of Technipac's jury demand did not occur within 10 days after "the last pleading directed to the issue" was served. Dkt. 25 at 2–3.

An "issue" within the scope of Rule 38(b) is an issue of fact. *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974). "[A]n issue is not fully developed until all parties have denied, admitted or claimed a lack of knowledge as to allegations relating thereto." *Bentler v. Bank of America Nat'l Trust & Savings Ass'n*, 959 F.2d 138, 141 (9th Cir. 1992). The "last pleading" is the last pleading that a party is required to file. *Id*. at 141.

> Of course, if one of the defendants files a counterclaim with its answer, and the counterclaim **involves factual issues common to the plaintiff's original claim**, then a jury demand is timely if served within 10 days after the plaintiff's reply or the last defendant's answer, whichever is later.

*Id*. at 141 fn. 4.

In this case, Technipac filed counterclaims against Cadillac Products (Dkt. 13), and Cadillac Products has yet to answer those claims. Technipac argues that the last pleading has not been served because Cadillac has yet to answer as to a common issue in the case: "liability for allegedly defective BIB's." Dkt. 26 at 4. However, there are two separate contracts involved in this litigation and Technipac has failed to show that its counterclaims involve factual issues common to Plaintiff's original claims. To the contrary, Technipac has counterclaimed for a specified sum because Cadillac allegedly breached its contract and an offset against any damages that it may owe to Cadillac for

ORDER - 3

the allegedly defective BIB's.  With regard to the liability for the allegedly defective BIB's, Technipac served the last pleading regarding these factual issues on October 27, 2009.  *See* Dkt. 13 at 1-6.  Therefore, Technipac's jury demand for issues of facts raised by Plaintiff's original claims is untimely and the Court grants Plaintiff's motion to strike the demand as to these issues.

It is unclear whether Technipac requests a jury as to any issues of fact between it and Cadillac Products.  Therefore, this issue will remain unresolved at this time pending either further briefing from the parties or a motion to sever.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Strike Jury Demand (Dkt. 25) is **GRANTED** and any issues of fact raised in Plaintiff's original claims will be determined by a bench trail.

DATED this 8th day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4